United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAVAGE HEAVY HAUL, INC., § § Plaintiff, § VS. § § RADCO INTERNATIONAL, LLC, § SUPER TRANSPORT INTERNATIONAL, § LLC, TRANSPORT SPECIALIZED § INTERNATIONAL, INC., SUPER § TRANSPORT INTERNATIONAL MGT., § LLC, IMPOEXPORTA, JOHN DOE 1 § AND JOHN DOE 2 § § Defendant. § | CIVIL ACTION NO. 4:21-CV-02005 |

## ORDER

Pending before the Court is Defendant Super Transport International, LLC's ("Super Transport") Motion to Dismiss. (Doc. No. 29). Plaintiff Savage Heavy Haul, Inc. ("Plaintiff") failed to file a timely response and has yet to respond at all.

Also pending is Defendant Radco International, LLC's ("Radco") Motion to Dismiss. (Doc. No. 31). Plaintiff failed to file a timely response and has yet to respond at all.

After considering the briefing and applicable law, the Court grants Super Transport's Motion to Dismiss. The Court also grants Radco's Motion to Dismiss.

1

## I.   Background

This is a breach of contract and negligence case. The allegations set forth in the Second Amended Complaint are as follows: Plaintiff entered into an agreement with Gebus Machine Incorporated ("GMI") to transport nine consignments of machine tools and associated equipment to Mexico. (Doc. No. 21 at ¶ 19). Plaintiff subcontracted a portion of the performance to Equipment Express, Inc. ("Equipment Express"), and Plaintiff apparently believes that Equipment Express subsequently subcontracted a portion of the transportation to Defendants Super Transport and/or Transport Specialized International and/or Super Transport International Mgt., LLC.[1] (*Id.* at ¶ 20). Plaintiff loaded the machines onto eight flatbed trailers, each allegedly complete with a waterproof tarpaulin to protect the machines from adverse weather conditions. (*Id.* at ¶ 21).

Sometime between May 10, 2019 and May 29, 2019, Equipment Express delivered the machines to Defendant Radco, a transport services provider. (*Id.* at ¶ 22). In June 2019, Plaintiff was informed that some of the trailers had been stopped at the Mexican border, and Plaintiff has come to believe that the machines never crossed the border due to issues with customs. (*Id.* at ¶¶ 23–24). It is Plaintiff's belief that the machines remained with Radco for nearly 30 days, and that during this time the tarpaulins were removed by unknown persons associated with Defendants, thereby exposing the machines to the elements, including water damage. (*Id.* at ¶¶ 24–27).

Presumably as a result of the damage to the machines, GMI sued Plaintiff in the Ontario Superior Court of Justice in June 2019. (*Id.* at ¶¶ 28–29). This suit is ongoing and GMI is seeking C$1,500,000 in damages, plus interest in costs, from Plaintiff and a co-defendant. (*Id.* at ¶ 31).

---

[1] Defendants Transport Specialized International and Super Transport International Mgt., LLC were subsequently dismissed form this lawsuit by Plaintiff. (*See* Doc. No. 27).

## II.   Procedural History

Almost exactly two years after the GMI suit was filed, Plaintiff brought this action against several defendants—including Super Transport and Radco—alleging claims for negligence, breach of contract, breach of warranty, and contribution. (*See* Doc. No. 1). Plaintiff has twice amended their complaint, with the Second Amended Complaint being filed on September 14, 2021. (*See* Doc. No. 21).

On December 15, 2021, Plaintiff's counsel filed a motion to withdraw because they had not been able to contact Plaintiff. (Doc. No. 24 at ¶ 2). Plaintiff's counsel learned that Plaintiff's owner had passed away, and subsequent attempts to communicate with other persons acting on behalf of Plaintiff were unsuccessful. (*Id.* at ¶¶ 3–4). This Court granted the motion to withdraw. (Doc. No. 26).

On January 21, 2022, Super Transport provide a status report explaining that Plaintiff's former counsel directed them to Debbie Boccia as Plaintiff's point of contact, but upon contacting Ms. Boccia, Super Transport learned that Ms. Boccia was no longer employed by Plaintiff. (Doc. No. 28 at 2). Ms. Boccia further informed Super Transport that it was her understanding that Plaintiff's owner and operator had passed away, and as a result, Plaintiff was no longer in business. (*Id.*). Super Transport continued its attempts to contact Plaintiff in an effort to conduct a Rule 26(f) conference, but the attempts were unsuccessful. (*Id.*). Following these failed attempts to communicate with Plaintiff, Super Transport filed a motion to dismiss pursuant to Rule 41(b). Shortly thereafter, Radco filed a motion to dismiss on the same grounds.

On March 24, 2022, a Rule 26(f) conference was held and attended by Super Transport and Radco, but Plaintiff failed to appear or respond to communications concerning the conference.

3

### III. Legal Standard

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railraod Co.*, 370 U.S. 626 (1962)). "Such dismissal pursuant to Rule 41(b) may be with or without prejudice." *Bigbie v. EOG Resources, Inc.*, No. 7:19-cv-00077-M-BP, 2021 WL 1617817, at *2.

The Fifth Circuit has held that a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," and as a result, such decisions are affirmed under Rule 41(b) "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that provide to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotations and citations omitted).

### IV. Analysis

Since filing the Second Amended Complaint, Plaintiff does not appear to have taken any action in this case. As mentioned, the Court granted Plaintiff's former counsel's motion to withdraw, and there has been no indication that Plaintiff has retained additional counsel in the time since the withdrawal. Furthermore, Super Transport's efforts to contact Plaintiff to schedule a Rule

26(f) conference have been met with silence, and Plaintiff failed to appear at the Rule 26(f) conference on March 24, 2022.

The Court finds that Plaintiff has failed to prosecute this action. As a result, the Court grants Super Transport's and Radco's motions to dismiss.

Furthermore, there is no indication that any of the remaining Defendants—Impoexporta, John Doe 1, or John Doe 2—have been served in this action. As a result, all remaining claims in this action are dismissed.

## V.  Conclusion

For the foregoing reasons, the Court GRANTS without prejudice Super Transport's Motion to Dismiss Pursuant to Rule 41(b). (Doc. No. 29). The Court GRANTS without prejudice Radco's Motion to Dismiss Pursuant to Rule 41(b). (Doc. No. 31). All claims in this action are dismissed.

Signed at Houston, Texas, this 14th day of April, 2022.

Andrew S. Hanen
United States District Judge